**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| LONNIE L. KOCONTES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ORANGE COUNTY SHERIFF'S<br>DEPARTMENT, et al.,<br><br>　　　　　Defendants. | No. SA CV 19-1968-PSG (PLA)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

Plaintiff, an inmate at the Theo Lacy Jail, Orange, California (the "Jail"), filed a *pro se* civil rights action herein pursuant to 42 U.S.C. § 1983 on October 16, 2019. (ECF No. 1). Plaintiff also filed a request to proceed without prepayment of the filing fee, which was subsequently granted. (ECF Nos. 2, 4). The Complaint names as defendants the Orange County Sheriff's Department ("OCSD"); Global Tel Link Corp. ("GTL"), which is identified as contracting with the OCSD to provide the Jail's "inmate phone system"; and ten "doe" defendants, who are not identified in any way. (ECF No. 1 at 3). Plaintiff lists as incident dates March 2013 through September 2019, and 2015 through August 2019. (*Id.* at 3). Plaintiff seeks monetary damages and injunctive relief including destruction of recordings of telephone calls, reclassification of his status, "legal mail" tracking, and expungement of disciplinary records. (*Id.* at 19).

In accordance with the mandate of the Prison Litigation Reform Act of 1995 ("PLRA"), the Court has screened the Complaint prior to ordering service for the purpose of determining whether the action is frivolous or malicious; or fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915A, 1915(e)(2); 42 U.S.C. § 1997e.

The Court's screening of the pleading under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts alleged under a cognizable legal theory. See, e.g., Kwan v. SanMedica Int'l, 854 F.3d 1088, 1093 (9th Cir. 2017); see also Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) ("In determining whether a complaint should be dismissed for failure to state a claim under the [PLRA], we apply the familiar standard of Fed. R. Civ. P. 12(b)(6)."). Further, with respect to a plaintiff's pleading burden, the Supreme Court has held that: "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. … Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations omitted, alteration in original); see also Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

Since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. See Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). Further, it is particularly important in a civil rights case filed by a *pro se* litigant to attempt to ascertain plaintiff's claims to protect his or her access to the courts. See Blaisdell v. Frappiea, 729 F.3d 1237, 1241 (9th Cir. 2013) (the rule of liberal construction "relieves *pro se* litigants from the strict application of procedural rules"). In addition, the Court may not dismiss a

claim because a *pro se* litigant has set forth an incomplete "legal theory supporting the claim" alleged. See Johnson v. City of Shelby, 574 U.S. 10, 11, 135 S. Ct. 346, 190 L. Ed. 2d 309 (2014). Finally, in determining whether a complaint states a "claim to relief that is plausible on its face," factual allegations are accepted as true and construed in the light most favorable to plaintiff. See, e.g., Soltysik v. Padilla, 910 F.3d 438, 444 (9th Cir. 2018). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678; see also Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012) ("a court discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible"). Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation or an unadorned, the-defendant-unlawfully-harmed-me accusation." Keates v. Koile, 883 F.3d 1228, 1243 (9th Cir. 2018) (internal quotation marks and citations omitted).

After careful review of the Complaint under the foregoing standards, the Court finds that plaintiff's allegations fail to state a short and plain statement of any claim and appear insufficient to state a claim against any named defendant. Accordingly, the Complaint is dismissed with leave to amend. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (a "*pro se* litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment" (internal quotation marks omitted)).

**If plaintiff desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than November 19, 2019, remedying the deficiencies discussed below. Further, plaintiff is admonished that, if he fails to timely file a First Amended Complaint or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed without further leave to amend and with prejudice.[1]**

---

[1] Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as *dispositive* of that claim. Accordingly, while this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to

3

**A.      FEDERAL RULE OF CIVIL PROCEDURE 8 ("RULE 8")**

Plaintiff's Complaint fails to comply with Rule 8(a) and Rule 8(d).  Rule 8(a) states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) **a short and plain statement of the claim showing that the pleader is entitled to relief**; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added). Additionally, Rule 8(d)(1) provides: "Each allegation **must be simple, concise, and direct**. No technical form is required." (Emphasis added). Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. See, e.g., Brazil v. United States Dep't of the Navy, 66 F.3d 193, 199 (9th Cir. 1995); McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991) (complaint must give defendants "fair notice of the claims against them"). If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the complaint fails to comply with Rule 8. See, e.g., McHenry v. Renne, 84 F.3d 1172, 1177-79 (9th Cir. 1996); Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981). A claim has "substantive plausibility" if a plaintiff alleges "simply, concisely, and directly [the] events" that entitle him to damages. Johnson, 135 S. Ct. at 347. Moreover, failure to comply with Rule 8 constitutes an independent basis for dismissal of a complaint that applies even if the claims in a complaint are not found to be wholly without merit. See McHenry, 84 F.3d at 1179.

Here, it is not clear what claims plaintiff is purporting to raise against which defendant. Plaintiff's Complaint appears to allege seven "claims," the last three of which arise under state law. (ECF No. 1 at 16 -18). Additionally, plaintiff references violations of state law in other claims that

---

pursue a claim in a First Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

appear to be raising federal civil rights violations. For example, in his Claim 1, plaintiff alleges that unspecified defendants violated Cal. Penal Code § 637.2 and Cal. Civil Code § 52.1. (*Id.* at 5). In his Claim 3, plaintiff alleges that he was improperly classified by unnamed jail officials in violation of OCSD's policies and state regulations. (*Id.* at 9-10). In his Claim 4, plaintiff alleges that the "Jail's disciplinary rules" are vague and arbitrarily applied, but it is not clear if plaintiff is purporting to allege that the rules are unconstitutional, or if some defendants improperly applied the rules under state law. (*Id.* at 13). To the extent that plaintiff is purporting to allege that any named defendant violated a prison regulation or state law, such allegations fail to give rise to a federal civil rights claim and must be alleged in a separate claim arising under state law. See, e.g., Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009) (the failure to follow prison regulations or policies is not a federal constitutional violation); Ove v. Gwinn, 264 F.3d 817, 823 (9th Cir. 2001) (an alleged violation of California law fails to state a claim under § 1983).

In order to state a federal civil rights claim against a particular defendant, plaintiff must allege that a specific defendant, while acting under color of state law, deprived him of a right guaranteed under the Constitution or a federal statute. See West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that **causes** the deprivation of which [the plaintiff complains].'" Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (emphasis and alteration in original)). Here, plaintiff generally references "defendants" in his claims (ECF No. 1 at 5-6, 9), and he fails to set forth a short and plain statement of any claim against a specific defendant alleging that a specific defendant took an affirmative action, participated in another's affirmative action, or failed to perform an action that he or she was legally required to do that **caused** each of the constitutional violations alleged in the Complaint.

Further, plaintiff names as a defendant GTL, which is a private corporation. (*Id.* at 3). Plaintiff's only factual allegations against this defendant are that it improperly implemented a list of telephone numbers, maintained an incomplete list of telephone numbers, and "knew" that "it

5

was recording inmates' calls to attorneys" (*id.* at 6, 18), but plaintiff does not allege that any specific defendant affiliated with GTL took an intentional action, participated in the actions of another, or failed to take an action that he or she was legally obligated to do that *caused* a constitutional violation. To the extent that any GTL official was negligent or reckless in implementing the alleged list, such actions fail to state a federal civil rights claim. In determining the plausibility of plaintiff's claims, the Court discounts unsupported and conclusory allegations such as that GTL "violated plaintiff's Sixth Amendment rights" in "the operation of the jail's inmate phone system" (*id.* at 3), or that the "OCSD and GTL have engaged in a long-term, ongoing pattern or practice of intentionally recording calls by inmates to attorneys in high-profile cases" (*id.* at 17). See, e.g., Chavez, 683 F.3d at 1108; Keates, 883 F.3d at 1243. Further, to the extent that plaintiff is purporting to state a federal civil rights claim against GTL, plaintiff may raise a claim pursuant to § 1983 against a private party for an alleged violation of a constitutional right in only very limited circumstances. "Section 1983 liability extends to a private party where the private party engaged in state action under color of law and thereby deprived a plaintiff of some right, privilege, or immunity protected by the Constitution or the laws of the United States." Brunette v. Humane Society of Ventura Cty., 294 F.3d 1205, 1209 (9th Cir. 2002). In addition, the "under-color-of-state-law" requirement excludes from the reach of § 1983 all "merely private conduct, no matter how discriminatory or wrongful." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999) (internal quotation marks omitted). Thus, the ultimate issue in determining whether a person is subject to suit under § 1983 is whether the alleged infringement of federal rights is "fairly attributable" to the government. Rendell-Baker v. Kohn, 457 U.S. 830, 838, 102 S. Ct. 2764, 73 L. Ed. 2d 418 (1982). Here, plaintiff does not set forth any factual allegations raising a reasonable inference that GTL (or any specific GTL official) took any action that *caused* a constitutional violation that was fairly attributable to the government. See, e.g., Evans v. Skolnik, 637 F. App'x 285, 287 (9th Cir. 2015) (affirming dismissal of private telecommunications companies providing telephone services to a prison because the companies were not "state actors" and plaintiff did not state a claim pursuant to § 1983) (now citable for its persuasive value pursuant to Ninth Circuit Rule 36-3).

In some of his claims, plaintiff references the Fifth and Fourteenth Amendments. (See ECF No. 1 at 5-6, 9, 12). In some of these claims, plaintiff also references the Sixth Amendment's right to counsel, the First Amendment's right to send and receive mail, "disparate treatment," and the conditions of his confinement. To the extent that plaintiff is purporting to raise a claim against any defendant under the First Amendment, plaintiff should set forth a short and plain statement of the events giving rise to any First Amendment claim against a specific defendant: allegations that "legal mail" was lost or delayed that are unsupported by specific factual allegations are conclusory. Moreover, "legal mail" that is protected under the First Amendment is limited to mail that is "specially marked as originating from an attorney." See Wolff v. McDonnell, 418 U.S. 539, 576, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974); Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1211 (9th Cir. 2017) (prisoners have a First Amendment right to have their "properly marked legal mail opened only in their presence"). In order to state a claim pursuant to the Sixth Amendment, the mail that plaintiff alleges was improperly handled must pertain to a pending criminal matter. Mangiaracina v. Penzone, 849 F.3d 1191, 1196-97 (9th Cir. 2017) (the Sixth Amendment requires a pretrial detainee be present when "legal mail related to a criminal matter is inspected"). In addition, in order to state a claim under the Sixth Amendment, plaintiff must allege more than a mere intrusion on his right to counsel; he must also allege that "the intrusion substantially prejudice[d]" plaintiff. See United States v. Irwin, 612 F.2d 1182, 1186-87 (9th Cir. 1980); Jayne v. Bosenko, 2014 WL 2801198, at *24 (E.D. Cal. June 19, 2014). Further, mail to or from a court or public agency is not considered "legal mail" for constitutional purposes. See, e.g., O'Keefe v. Van Boening, 82 F.3d 322, 326 (9th Cir. 1996) (a prison need not treat all mail sent to/from government agencies and officials as legal mail); Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996) (concluding that mail from the courts is not legal mail under the First Amendment), amended by 135 F.3d 1318 (9th Cir. 1998); Mann v. Adams, 846 F.2d 589, 590-91 (9th Cir. 1988) (concluding that mail from public agencies, public officials, civil rights groups, and news media may be opened outside the prisoner's presence in light of security concerns). Plaintiff's Complaint fails to clearly allege that each incident of mis-handled mail involved properly marked "legal mail," does not allege that plaintiff suffered substantial prejudice from any alleged intrusion on his right to counsel, and fails

to clearly set forth the events giving rise to each claim against any named defendant under either the First or Sixth Amendment. Plaintiff's "[t]hreadbare recitals of the elements" of his claims, which are "supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

Further, to the extent that plaintiff is purporting to allege a claim under the Fifth or Fourteenth Amendment arising from improper handling of his legal mail or improper recording of telephone calls to his attorney, such claims do not arise under the due process clause. The confidentiality of communications with an attorney is protected under the First or Sixth Amendments. See Graham v. Connor, 490 U.S. 386, 395, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989) (if an "Amendment provides an explicit textual source of constitutional protection against [certain] physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims"); Hufford v. McEnaney, 249 F.3d 1142, 1151 (9th Cir. 2001) ("If, in a § 1983 suit, the plaintiff's claim can be analyzed under an explicit textual source of rights in the Constitution, a court should not resort to the more subjective standard of substantive due process." (internal quotation marks omitted)); Jayne, 2014 WL 2801198, at *8 (claims under the Fifth or Fourteenth Amendments asserting a right to confidentiality in communications with an attorney must be raised under the Sixth Amendment).

Additionally, to the extent that plaintiff is purporting to state a claim against a specific defendant arising from his allegedly improper classification, jail regulations governing inmate classification do not create a cognizable claim under the Fourteenth Amendment. See, e.g., Myron v. Terhune, 476 F.3d 716, 718-19 (9th Cir. 2007); see also Miramontes v. Chief of Dep't of Corr., 86 F. App'x 325, 326 (9th Cir. 2004) (pretrial detainee does not have a due process right to a hearing before being placed in administrative segregation for security reasons based on his criminal background and confinement history) (now citable for its persuasive value pursuant to Ninth Circuit Rule 36-3). To the extent that plaintiff is purporting to state a claim under the Fourteenth Amendment arising from the alleged imposition of punishment without having been provided with a hearing, "pretrial detainees may be subjected to disciplinary segregation only with a due process hearing to determine whether they have in fact violated any rule." Mitchell v.

Dupnik, 75 F.3d 517, 524 (9th Cir. 1996); Shorter v. Baca, 101 F. Supp. 3d 876, 891 (C.D. Cal. 2015) ("the Ninth Circuit has held that segregated confinement of pretrial detainees, where that confinement amounts to punishment, must be accompanied by a due process hearing"). The applicable elements of due process for a prison disciplinary hearing are those established by Wolff, 418 U.S. at 563-66, including written notice, an opportunity to be heard, a limited right to call witnesses, and a written statement of the evidence relied upon. See Mitchell, 75 F.3d at 525.

Further, to the extent that plaintiff may be purporting to raise a claim under the Fourteenth Amendment arising from the conditions of his detention, "the proper standard of review" for claims pertaining to the conditions of confinement for pretrial detainees "is one of objective indifference." Gordon v. County of Orange, 888 F.3d 1118, 1123-25 (9th Cir. 2018); see also Hardeman v. Curran, 933 F.3d 816, 822-23 (7th Cir. 2019) (holding that an "objective inquiry applies to all Fourteenth Amendment conditions-of-confinement claims brought by pretrial detainees" and reviewing cases). In order to state such a claim, plaintiff must allege that a defendant: (1) "made an intentional decision with respect to the conditions under which the plaintiff was confined"; (2) the "conditions put the plaintiff at substantial risk of suffering serious harm"; (3) the individual "defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved -- making the consequences of the defendant's conduct obvious"; and (4) "by not taking such measures, the defendant caused the plaintiff's injuries." Gordon, 888 F.3d at 1125. Plaintiff's Complaint fails to clearly allege that the conditions of his confinement placed him at substantial risk of serious harm, or that he suffered an injury as the result of the actions of a specific defendant.

In addition, plaintiff alleges that he arrived "at the Orange County Jail in March 2013," and that he "has been continuously incarcerated in the jail since then." (ECF No. 1 at 10.) Plaintiff references Orange County Superior Court Case No. 15CF0995, in which he is "appearing *in propria persona*" (*id.* at 6), and Orange County Superior Court Case No. 13ZF0163, in which he appears to be represented by a public defender (*id.* at 8). Although plaintiff alleges that he has been incarcerated at an Orange County jail since March 2013, it is not clear if both of the

referenced criminal cases remained pending the entire time, or if plaintiff became a convicted inmate at some point during his detention. Additionally, it is not clear which of plaintiff's allegations regarding improper handling of legal mail or the improper recording of telephone conversations pertain to which of plaintiff's two criminal cases. To the extent that plaintiff was not a pretrial detainee during the entire time of his detention, plaintiff should clearly allege the dates of each incident giving rise to each claim he wishes to pursue in an amended pleading.

As the Supreme Court has made clear, in order to state a claim against an individual defendant, plaintiff must allege sufficient factual allegations against that defendant to nudge each claim "across the line from conceivable to plausible." See Twombly, 550 U.S. at 570. In his Complaint, plaintiff fails to clearly allege sufficient facts showing that any specific defendant took any action, participated in the action of another, or failed to take an action that he or she was legally required to do that **caused** a civil rights violation. See Leer, 844 F.2d at 633.

Accordingly, the Court finds that the Complaint fails to set forth a "short and plain statement" showing what the factual basis may be for a civil rights claim against any named defendant. A pleading that merely alleges "naked assertion[s] devoid of further factual enhancement" is insufficient to comply with Rule 8. Iqbal, 556 U.S. at 678 (alteration in original, internal quotation marks omitted). If plaintiff wishes to proceed on a federal civil rights claim against a specific defendant arising from any of the alleged facts in his Complaint, plaintiff should set forth in an amended pleading a short and plain statement of each alleged constitutional violation separately, specifying which defendant is being sued based on which facts.

The Court therefore finds that the Complaint fails to comply with Rule 8.

## B. STATUTE OF LIMITATIONS

Plaintiff's Complaint appears to be alleging claims arising from incidents that occurred as early as March or April 2013 or in 2015. (See, e.g., ECF No. 1 at 3, 6-7, 10, 13). Plaintiff also alleges that he has been continuously incarcerated in the Jail since March 2013. (*Id.* at 10). Plaintiff's Complaint was signed on September 20, 2019. (*Id.* at 19).

Federal civil rights claims brought pursuant to § 1983 are subject to the forum state's statute of limitations applicable to personal injury claims. See, e.g., Bird v. Dep't of Human Servs., 935 F.3d 738, 743 (9th Cir. 2019) (citing Wilson v. Garcia, 471 U.S. 261, 276, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985)). Federal civil rights claims arising in California after 2003 are subject to the two-year limitations period set forth in Cal. Civ. Proc. Code § 335.1. See, e.g., Maldonado v. Harris, 370 F.3d 945, 954-55 (9th Cir. 2004). Federal law, however, determines when a civil rights claim accrues. See Wallace v. Kato, 549 U.S. 384, 388, 127 S. Ct. 1091, 166 L. Ed. 973 (2007); Bird, 935 F.3d at 743. A cause of action accrues under federal law as soon as a potential plaintiff "knows or has reason to know of the injury which is the basis of the action." See Bird, 935 F.3d at 743.

In addition, a federal court must give effect to a state's tolling provisions. See Hardin v. Straub, 490 U.S. 536, 539, 109 S. Ct. 1998, 104 L. Ed. 2d 582 (1989). Under California law, the continuous incarceration of a plaintiff is a disability that tolls the statute of limitations for a maximum of two years. See Cal. Civ. Proc. Code § 352.1; see, e.g., Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (California provides for statutory tolling for a period of up to two years based on the disability of imprisonment); Elliott v. City of Union City, 25 F.3d 800, 802 (9th Cir. 1994). Such tolling is applicable only if a plaintiff was incarcerated "at the time the claim accrued." Elliott, 25 F.3d at 802-03 (explaining that "actual, uninterrupted incarceration is the touchstone" for assessing tolling for the disability of "post-arrest custody") (citation omitted)).

Plaintiff's federal claims herein accrued no later than the day on which he learned that a private conversation with an attorney who was representing plaintiff was recorded; the day that plaintiff was aware that legal mail originating from an attorney was opened outside of plaintiff's presence; the day that plaintiff (as a pretrial detainee) was subjected to punishment without adequate due process; or the day that plaintiff was aware that he was subjected to conditions of his confinement that he is alleging violated his constitutional rights. Assuming the truth of plaintiff's factual allegations for purposes of deciding the sufficiency of his claims, plaintiff's continual incarceration, if uninterrupted, at the Jail on criminal charges would entitle plaintiff to a maximum of two years of statutory tolling. See Cal. Code Civ. Proc. § 352.1(a) (expressly limiting tolling

arising from incarceration to a period not to exceed two years). Absent other grounds for tolling, therefore, plaintiff's federal civil rights claims in this action are time-barred to the extent that they accrued prior to September 20, 2015. Finally, a pleading may be dismissed on statute of limitations grounds if "the statute of limitations issues are apparent on the face of the complaint." Rivera v. Peri & Sons Farms, Inc., 735 F.3d 892, 902 (9th Cir. 2013).

**C.     CLAIMS AGAINST THE OCSD**

Here, plaintiff names the OCSD as a defendant. To the extent that plaintiff is purporting to state a federal civil rights claim against the OCSD pursuant to Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), the Supreme Court in Monell held that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell, 436 U.S. at 694; see also Connick v. Thompson, 563 U.S. 51, 60, 131 S. Ct. 1350, 179 L. Ed. 2d 417 (2011) ("under § 1983, local governments are responsible only for their **own** illegal acts" (emphasis in original, internal quotation marks omitted)). In order to state a claim arising from the execution of a local entity's policy or custom, plaintiff must set forth factual allegations to show that the execution of a specific policy, ordinance, regulation, custom or the like was the "actionable cause" of any alleged constitutional violation. See Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1146 (9th Cir. 2012) ("a plaintiff must also show that the policy at issue was the 'actionable cause' of the constitutional violation, which requires showing both but-for and proximate causation"). Further, a Monell claim may not be premised on an isolated or sporadic incident. See, e.g., Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."); Thompson v. Los Angeles, 885 F.2d 1439, 1443-44 (9th Cir. 1989) ("Consistent with the commonly understood meaning of custom, proof of random acts or isolated

events are insufficient to establish custom."), overruled on other grounds, Bull v. City & County of San Francisco, 595 F.3d 964, 981 (9th Cir. 2010) (en banc).

Here, plaintiff alleges that "Defendants intentionally engaged in a widespread pattern and practice of recording jail calls to lawyers and providing them to law enforcement" and that "over 165 of plaintiff's calls to attorneys" were "intentionally recorded." (ECF No. 1 at 5). Plaintiff alleges that "Defendants had the telephone numbers" of plaintiff's attorneys, but "they continued to record plaintiff's calls to these attorneys over a multi-year period." (*Id.*) Plaintiff, however, then alleges that "GTL" "intentionally allowed" a list of attorneys' phone numbers "to go unimplemented in the GTL system," which appears to allege that defendant OCSD did not *intentionally* record calls to plaintiff's attorneys if in fact the "do not record" list was incomplete. (*Id.* at 6). Further, plaintiff fails to support his conclusory allegation that OCSD intentionally recorded calls to plaintiff's attorneys with any factual allegations stating when such calls were recorded and who plaintiff was calling. Finally, plaintiff does not set forth factual allegations to support that the OCSD had a "widespread pattern and practice" of recording calls protected by the First or Sixth Amendments.

Similarly, to the extent that plaintiff is purporting to raise a claim against the OCSD arising from any of plaintiff's other allegations, such as the alleged denial of procedural protections in connection with "at least six" disciplinary actions over four years (ECF No. 1 at 12-13), plaintiff must allege more than such sporadic incidents. To state a claim against the OCSD, plaintiff must set forth factual allegations raising a reasonable inference that a specific policy, regulation, or custom was the "actionable cause" of plaintiff's alleged constitutional violation.

The Court is mindful that, because plaintiff is appearing *pro se*, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. Further, the Court may not dismiss a claim because a *pro se* plaintiff has failed to set forth a complete legal theory to support the claim alleged. See Johnson, 135 S. Ct. at 346. That said, the Supreme Court has made clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants." Pliler v. Ford, 542 U.S. 225, 231, 124 S. Ct. 2441, 159 L. Ed. 2d 338 (2004); see also Noll, 809 F.2d at 1448 ("courts should not have to serve as advocates for *pro se* litigants"). Here,

plaintiff's Complaint fails to set forth factual allegations supporting a plausible claim against the OCSD.

* * *

Because plaintiff is proceeding *pro se* in this civil rights action, the Court will provide him with an opportunity to amend. Based on the above deficiencies, plaintiff's Complaint is **dismissed with leave to amend**. If plaintiff desires to pursue this action, he is **ORDERED** to file a First Amended Complaint **no later than November 19, 2019**, remedying the deficiencies discussed herein. Further, plaintiff is admonished that, if he fails to timely file a First Amended Complaint or fails to remedy the deficiencies of his pleading as discussed herein, the Court will recommend that the action be dismissed without further leave to amend and with prejudice.

The First Amended Complaint must bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original Complaint or any other pleading, attachment or document. Each claim plaintiff alleges must clearly set forth which defendant(s) is alleged to be responsible for the alleged violation, and must clearly and concisely reference the factual allegations that are relevant to that claim. Further, if plaintiff chooses to proceed with this action, plaintiff must use the blank Central District civil rights complaint form accompanying this order, must sign and date the form, **must completely and accurately fill out the form**, and must use the space provided in the form to set forth all of the claims that he wishes to assert in a First Amended Complaint. The Clerk is directed to provide plaintiff with a blank Central District civil rights complaint form.

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**IT IS SO ORDERED.**

*Paul L. Abrams*

DATED: October 29, 2019

                                                           PAUL L. ABRAMS
                                 UNITED STATES MAGISTRATE JUDGE