UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**
#33/34 (1/4)

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-1968 PSG (PLAx) | Date | December 30, 2020 |
|---|---|---|---|
| Title | Lonnie L. Kocontes v. Orange County Sheriff's Department, et al. | | |

Present: The Honorable   Philip S. Gutierrez, United States District Judge

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**   The Court GRANTS Defendants' motions to dismiss

    Before the Court are two motions to dismiss and to strike, one filed by Defendant Global Tel Link Corporation ("GTL"), *see generally* Dkt. # 33 ("*GTL Mot.*"), and the other filed by Defendant the County of Orange ("OC") (collectively, "Defendants"), *see generally* Dkt. # 34-1 ("*OC Mot.*").[1]  Plaintiff Lonnie L. Kocontes ("Plaintiff") opposed the motions.  *See generally* Dkt. # 38 ("*Opp.*").  GTL and OC replied.  *See generally* Dkts. # 39 ("*OC Reply*"), 40 ("*GTL Reply*").  The Court finds the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  Having considered the moving, opposing, and reply papers, the Court **GRANTS** Defendants' motions to dismiss, which **RENDERS MOOT** Defendants' motions to strike.

I.   Background

    Plaintiff was incarcerated in the Orange County jail as a pretrial detainee in two pending criminal cases between March of 2013 and August of 2019.  *Second Amended Complaint*, Dkt. # 26 ("*SAC*"), 2:16–25,[2] ¶ 6.  He was ultimately convicted of murder.  *See Opp.* 1:2–3:17.[3]  While incarcerated, Plaintiff alleges that Defendants violated his constitutional rights and the California Penal Code, and that they committed various common law torts.  *See generally id.*  The operative SAC brings eight causes of action:

---

[1] OC's motion is Docket Entry # 34.  The Court cites OC's memorandum in support of its motion, which is Docket Entry # 34-1, because the memorandum contains OC's substantive arguments.

[2] When it is not possible to cite specific paragraphs of the Second Amended Complaint ("SAC"), the Court cites to the SAC's original pagination.

[3] The Court cites to the original pagination of Plaintiff's opposition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-1968 PSG (PLAx) | Date | December 30, 2020 |
|---|---|---|---|
| Title | Lonnie L. Kocontes v. Orange County Sheriff's Department, et al. | | |

First Cause of Action: violation of the First, Fifth, Sixth, and Fourteenth Amendments by OC and GTL because they recorded privileged phone calls between Plaintiff and his attorney and between Plaintiff and his court-appointed investigator. *See SAC* 2:13–3:32, ¶¶ 6–29.

Second Cause of Action: violation of the First and Sixth Amendments by OC because it opened and read Plaintiff's legal mail outside of his presence. *See id.* 7:7–8:6, ¶¶ 30–46.

Third Cause of Action: violation of the Fifth and Fourteenth Amendments by OC because it classified Plaintiff as a sex offender and placed him in administrative segregation without giving him an opportunity to challenge his classification. *See id.* 10:18–11:22, ¶¶ 47–66.

Fourth Cause of Action: violation of procedural and substantive due process by OC because of its disciplinary policies. *See id.* 14:9–15:7, ¶¶ 67–80.

Fifth Cause of Action: violation of California's Invasion of Privacy Act ("CIPA"), Cal. Penal Code §§ 636, *et seq.*, by OC and GTL because they recorded privileged phone calls between Plaintiff and his attorney and between Plaintiff and his court-appointed investigator. *See SAC* ¶¶ 81–85.

Sixth Cause of Action: violation of California's Unfair Business Practices Act, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by OC and GTL because they recorded privileged phone calls between Plaintiff and his attorney and between Plaintiff and his court-appointed investigator. *See SAC* ¶¶ 86–92.

Seventh Cause of Action: common law fraudulent concealment by OC and GTL because they knew they were recording Plaintiff's privileged calls but did not disclose such knowledge to Plaintiff. *See id.* ¶¶ 93–103.

Eighth Cause of Action: common law negligence by OC and GTL because they breached their duty not to record Plaintiff's privileged calls. *See id.* ¶¶ 104–08.

OC and GTL now move to dismiss all of Plaintiff's causes of action and to strike portions of the SAC. *See generally OC Mot.*; *GTL Mot.* For the reasons set forth below, the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-1968 PSG (PLAx) | Date | December 30, 2020 |
|---|---|---|---|
| Title | Lonnie L. Kocontes v. Orange County Sheriff's Department, et al. | | |

**GRANTS** OC's and GTL's motions to dismiss, which **RENDERS MOOT** their requests to strike portions of the SAC.

II.     Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In assessing the adequacy of the complaint, the court must accept all pleaded facts as true and construe them in the light most favorable to the plaintiff.  *See Turner v. City & Cty. of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015); *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  The court then determines whether the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.  Accordingly, "for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  To plead fraud with particularity, the pleader must state the time, place, and specific content of the false representations.  *See Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007).  The allegations "must set forth more than neutral facts necessary to identify the transaction.  The plaintiff must set forth what is false or misleading about the statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted).  In essence, the defendant must be able to prepare an adequate answer to the allegations of fraud.  Where multiple defendants allegedly engaged in fraudulent activity, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).  Rather, a plaintiff must identify each defendant's role in the alleged scheme. *See id.* at 765.

III.    Discussion

The Court addresses each of Plaintiff's causes of action in turn.  The Court then considers Defendants' request to strike portions of the SAC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-1968 PSG (PLAx) | Date | December 30, 2020 |
|---|---|---|---|
| Title | Lonnie L. Kocontes v. Orange County Sheriff's Department, et al. | | |

    A.    <u>First Cause of Action: Unconstitutional Recording of Plaintiff's Phone Calls by OC and GTL</u>

Plaintiff's first cause of action, brought under 42 U.S.C. § 1983, alleges that OC and GTL violated the First, Fifth, Sixth, and Fourteenth Amendments because they recorded privileged phone calls between Plaintiff and his attorney and between Plaintiff and his court-appointed investigator. *See SAC* 2:13–3:32, ¶¶ 6–29.

OC and GTL first argue that the Court should dismiss Plaintiff's Fifth and Fourteenth Amendment claims because, when Plaintiff was proceeding *pro se*, the Magistrate Judge ruled that Plaintiff's first cause of action did not support a Fifth or Fourteenth Amendment claim. *See OC Mot.* 13:5–24; *GTL Mot.* 3:21–23 (adopting the arguments on this issue from Part IV.A of OC's motion).[4] Plaintiff conceded this point by failing to oppose it. *See Tapia v. Wells Fargo Bank, N.A.*, No. CV 15-03922 DDP (AJWX), 2015 WL 4650066, at *2 (C.D. Cal. Aug. 4, 2015) (arguments to which no response is supplied are deemed conceded); *Silva v. U.S. Bancorp*, No. 5:10-cv-01854-JHN-PJWx, 2011 WL 7096576, at *3 (C.D. Cal. Oct. 6, 2011) (same). Accordingly, the Court **GRANTS** Defendants' motions to dismiss the Fifth and Fourteenth Amendment claims in his first cause of action.

OC and GTL next argue that the Court should dismiss Plaintiff's First and Fourteenth Amendment claims because they necessarily impugn or attack the validity of Plaintiff's ultimate murder conviction, which violates the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). *See GTL Mot.* 27:17–28:27; *OC Mot.* 13:26–15:14; Dkt. # 34 at 5 (OC adopts the arguments on this issue from Part IV.A.3 of GTL's motion).

Under *Heck*, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487.

OC and GTL contend that, "in order to find that there was a violation of the Constitution for [Plaintiff's] Section 1983 claim, the Court would need to find that the recording of his

---

[4] While Defendants' incorporations of each other's arguments are arguably improper, *see Cirulli v. Hyundai Motor Co.*, No. SACV 08-0854 AG (MLGx), 2009 WL 5788762, at *2 (C.D. Cal. June 1, 2009); *Coach, Inc. v. Celco Customs Servs. Co.*, No. CV 1110787MMMFMOX, 2014 WL 12573411, at *15 (C.D. Cal. June 5, 2014), the Court accepts them because Plaintiff did not raise the issue in his opposition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-1968 PSG (PLAx) | Date | December 30, 2020 |
|---|---|---|---|
| Title | Lonnie L. Kocontes v. Orange County Sheriff's Department, et al. | | |

communications with counsel or his investigator <u>substantially prejudiced</u> the defendant under the Sixth Amendment or otherwise interfered with his access to counsel under the First Amendment. In both situations, this showing of prejudice would necessarily implicate and impugn his conviction and sentence . . . ." *See GTL Mot.* 27:17–28:27; Dkt. # 34 at 5 (OC adopts the arguments on this issue from Part IV.A.3 of GTL's motion).

Plaintiff counters that *Heck* is inapplicable because he only seeks monetary relief and he is not explicitly attacking his conviction. *See Opp.* 14:17–16:7. The Court disagrees with Plaintiff and agrees with Defendants.

First, as quoted above, the Supreme Court in *Heck* specifically contemplated that its rule would apply to § 1983 claims that seek damages. *See Heck*, 512 U.S. at 487.

Second, even if Plaintiff's suit does not explicitly attack his conviction, success on his Sixth Amendment claim necessarily impugns his conviction because his claim requires proof that Defendants' actions substantially prejudiced his right to counsel in the years leading up to his conviction. *See United States v. Irwin*, 612 F.2d 1182, 1186–87 (9th Cir. 1980) ("[M]ere government intrusion into the attorney client-client relationship, although not condoned by the court, is not of itself violative of the Sixth Amendment right to counsel. Rather, the right is only violated when the intrusion substantially prejudices the defendant."); *United States v. Hernandez*, 937 F.2d 1490, 1493 (9th Cir. 1991) ("[T]he Supreme Court has twice held that government invasion of [the attorney-client] privilege or the defense camp is not sufficient by itself to cause a Sixth Amendment violation. The defendant must have been *prejudiced* by such actions."); *Williams v. Woodford*, 384 F.3d 567, 584–85 (9th Cir. 2004) ("When the government deliberately interferes with the confidential relationship between a criminal defendant and defense counsel, that interference violates the Sixth Amendment right to counsel if it substantially prejudices the criminal defendant."). Therefore, Plaintiff's Sixth Amendment claim is barred under *Heck*.

This outcome is unaffected by *Nordstrom v. Ryan*, 762 F.3d 903 (9th Cir. 2014). In *Nordstrom*, the incarcerated plaintiff filed a § 1983 action alleging that the defendant was violating his Sixth Amendment right to confer privately with his counsel by reading the plaintiff's legal mail. 762 F.3d at 909–11. Without examining prejudice, the Court found that the plaintiff stated a Sixth Amendment claim because he brought "a civil rights lawsuit aimed at *enjoining the continuation* of an unconstitutional practice" that was chilling his Sixth Amendment rights. *Id.* at 911 (emphasis added). Here, by contrast, Plaintiff seeks purely

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-1968 PSG (PLAx) | Date | December 30, 2020 |
|---|---|---|---|
| Title | Lonnie L. Kocontes v. Orange County Sheriff's Department, et al. | | |

retrospective, monetary relief. *See Opp.* 16:1–7. Because of this distinction, *Nordstrom* does not squarely apply.

Moreover, the Court declines to extend *Nordstrom* because, in doing so, the Court would need to question whether the decision is consistent with prior Ninth Circuit panel opinions and Supreme Court rulings regarding the necessity of showing prejudice to prove a Sixth Amendment claim like the one in the instant case. Such analysis is better left, if necessary, to the Court most competent and better situated to rule on the issue—i.e., the Ninth Circuit.

Additionally, because Plaintiff does not address Defendants' argument that Plaintiff's First Amendment claim fails for the same reasons as his Sixth Amendment claim, *see GTL Mot.* 27:17–28:27; Dkt. # 34 at 5, Plaintiff conceded the point, *see Tapia*, 2015 WL 4650066 at *2; *Silva*, 2011 WL 7096576 at *3.

Accordingly, the Court **GRANTS** OC's and GTL's motions to dismiss Plaintiff's first cause of action for violations of the First, Fifth, Sixth, and Fourteenth Amendments.

B.  Second Cause of Action: Unconstitutional Reading of Plaintiff's Legal Mail

Plaintiff alleges that OC violated the First and Sixth Amendments by opening and reading Plaintiff's legal mail outside of his presence. *See SAC* 7:7–8:6, ¶¶ 30–46.

OC argues that, like Plaintiff's first cause of action, this claim is barred under *Heck*. *OC Mot.* 17:4–15. For the reasons provided in the previous subsection, the Court agrees. Accordingly, the Court **GRANTS** OC's motion to dismiss Plaintiff's second cause of action for violations of the First and Sixth Amendments.

C.  Third Cause of Action: Unconstitutional Classification and Placement in Administrative Segregation

Plaintiff alleges that OC violated the Fifth and Fourteenth Amendments by classifying him as a sex offender and placing him in administrative segregation without giving him an opportunity to challenge his classification. *See SAC* 10:18–11:22, ¶¶ 47–66.

OC argues that the Court should dismiss Plaintiff's third cause of action because "there is no protected liberty interest or right to due process for being classified as protective custody." *OC Mot.* 20:18–20. Plaintiff conceded this argument by failing to oppose it. *See Tapia*, 2015

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-1968 PSG (PLAx) | Date | December 30, 2020 |
|---|---|---|---|
| Title | Lonnie L. Kocontes v. Orange County Sheriff's Department, et al. | | |

WL 4650066 at *2; *Silva*, 2011 WL 7096576 at *3.  Accordingly, the Court **GRANTS** OC's motion to dismiss Plaintiff's third cause of action for violations of the Fifth and Fourteenth Amendments.

        D.        <u>Fourth Cause of Action: Unconstitutional Disciplinary Policies and Practices</u>

Plaintiff alleges that OC violated (1) procedural due process by instituting a *de facto* policy of denying inmates rights at disciplinary hearings and (2) substantive due process by applying disciplinary rules against Plaintiff arbitrarily.  See *SAC* 14:9–15:7, ¶¶ 67–80.

OC argues that the Court should dismiss Plaintiff's fourth cause of action because Plaintiff has insufficiently established a policy or custom of violating inmates' due process rights, as is required before OC can be held liable for a § 1983 violation under *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978).  See *OC Mot.* 27:2–6.

In his opposition, Plaintiff states in conclusory fashion that his "allegations concerning the felonious recording and distribution of his privileged telephone calls, the improper handling of his and other inmates' legal mail[,] and the procedural violations of due process all satisfy the standard for an unconstitutional policy under *Monell*."  *Opp.* 18:3–6.  But this single, conclusory reference to *Monell* liability for Plaintiff's due process claim insufficiently addresses the merits of OC's argument.  Moreover, the reference appears in a section relating entirely to Plaintiff's second cause of action.  See *Opp.* 17:23–25 (title of the section is "Plaintiff's *Second Claim* Alleges A Violation Of His *Right To Confidential Legal Mail* Resulting From An Unwritten Policy Of Failing To Ensure The Confidentiality Of Such Mail." (emphases added)); *id.* 21:17–19 (concluding by stating: "Because Plaintiff's allegations are sufficient to show a practice or custom of unconstitutional *handling of legal mail*, this Court should deny the motion to dismiss *Claim Two*." (emphases added)).  Therefore, Plaintiff conceded OC's argument by failing to meaningfully address it.  See *Tapia*, 2015 WL 4650066 at *2; *Silva*, 2011 WL 7096576 at *3.

Accordingly, the Court **GRANTS** OC's motion to dismiss Plaintiff's fourth cause of action for violations of procedural and substantive due process.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-1968 PSG (PLAx) | Date | December 30, 2020 |
|---|---|---|---|
| Title | Lonnie L. Kocontes v. Orange County Sheriff's Department, et al. | | |

E.     <u>Fifth Cause of Action: Violation of CIPA</u>

Plaintiff alleges that OC and GTL violated CIPA, Cal. Penal Code §§ 636, *et seq.*, by recording privileged phone calls between Plaintiff and his attorney and between Plaintiff and his court-appointed investigator. *See SAC* ¶¶ 81–85.

OC argues that it is not a "person" within the meaning of Cal. Penal Code § 636 and, therefore, that the CIPA claim against it fails as a matter of law. *OC Mot.* 27:13–15. Plaintiff conceded this argument by failing to oppose it. *See Tapia*, 2015 WL 4650066 at *2; *Silva*, 2011 WL 7096576 at *3. Accordingly, the Court **GRANTS** OC's motion to dismiss Plaintiff's fifth cause of action for violating CIPA.

GTL contends that "a prerequisite for asserting an unlawful recording in violation of Section 636 is that the plaintiff had received approval or clearance to engage in such communications," which Plaintiff has not alleged. *GTL Mot.* 29:13–17; *see Moon v. Cty. of Orange*, No. SACV 19-258 JVS (KESx), 2020 WL 6145106, at *3 (C.D. Cal. Sept. 18, 2020), *appeal docketed*, No. 20-56076 (9th Cir. Oct. 16, 2020). Plaintiff conceded this argument by failing to oppose it. *See Tapia*, 2015 WL 4650066 at *2; *Silva*, 2011 WL 7096576 at *3. Accordingly, the Court **GRANTS** GTL's motion to dismiss Plaintiff's fifth cause of action for violating CIPA.

F.     <u>Sixth Cause of Action: Violation of California's Unfair Business Practices Act ("UCL")</u>

Plaintiff alleges that OC and GTL violated the UCL, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by recording privileged phone calls between Plaintiff and his attorney and between Plaintiff and his court-appointed investigator. *See SAC* ¶¶ 86–92.

OC argues that the Court should dismiss Plaintiff's sixth cause of action against it because the UCL does not apply to government entities. *See OC Mot.* 29:10–12. Plaintiff conceded this argument by failing to oppose it. *See Tapia*, 2015 WL 4650066 at *2; *Silva*, 2011 WL 7096576 at *3. Accordingly, the Court **GRANTS** OC's motion to dismiss Plaintiff's sixth cause of action for violating the UCL.

GTL argues that the Court should dismiss Plaintiff's sixth cause of action against it because Plaintiff "fails to identify which prong of Section 17200 he alleges was violated or to allege any particularized facts" supporting his theory. *GTL Mot.* 31:24–25. Plaintiff conceded

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-1968 PSG (PLAx) | Date | December 30, 2020 |
|---|---|---|---|
| Title | Lonnie L. Kocontes v. Orange County Sheriff's Department, et al. | | |

this argument by failing to oppose it. *See Tapia*, 2015 WL 4650066 at *2; *Silva*, 2011 WL 7096576 at *3. Accordingly, the Court **GRANTS** GTL's motion to dismiss Plaintiff's sixth cause of action for violating the UCL.

      G.      Seventh Cause of Action: Fraudulent Concealment

Plaintiff alleges that OC and GTL committed fraudulent concealment because they knew they were unlawfully recording Plaintiff's privileged calls but did not disclose such knowledge to Plaintiff. *See SAC* ¶¶ 93–103.

OC argues that the Court should dismiss Plaintiff's seventh cause of action against it because Plaintiff's "claim for common law fraudulent concealment . . . do[es] not identify any statute that could make the County liable, and therefore, . . . [the claim] should be dismissed." *OC Mot.* 29:20–23. Plaintiff conceded this argument by failing to oppose it. *See Tapia*, 2015 WL 4650066 at *2; *Silva*, 2011 WL 7096576 at *3. Accordingly, the Court **GRANTS** OC's motion to dismiss Plaintiff's seventh cause of action for fraudulent concealment.

GTL argues that the Court should dismiss Plaintiff's seventh cause of action against it because Plaintiff "does not allege any facts with particularity that there was any 'relationship' between [Plaintiff] and GTL whatsoever. Nor does [Plaintiff] allege any facts with particularity by which a duty to disclose could arise absent a fiduciary duty." *GTL Mot.* 35:27–36:1. Plaintiff conceded these arguments by failing to oppose them. *See Tapia*, 2015 WL 4650066 at *2; *Silva*, 2011 WL 7096576 at *3. Accordingly, the Court **GRANTS** GTL's motion to dismiss Plaintiff's seventh cause of action for fraudulent concealment.

      H.      Eighth Cause of Action: Negligence

Plaintiff alleges that OC and GTL are liable for negligence because they breached their duty not to unlawfully record Plaintiff's privileged calls. *See SAC* ¶¶ 104–08.

OC argues that the Court should dismiss Plaintiff's eighth cause of action against it because Plaintiff's "claim for common law negligence do[es] not identify any statute that could make the County liable, and therefore, the . . . eighth claim should be dismissed against the County." *OC Mot.* 29:20–23. Plaintiff conceded this argument by failing to oppose it. *See Tapia*, 2015 WL 4650066 at *2; *Silva*, 2011 WL 7096576 at *3. Accordingly, the Court **GRANTS** OC's motion to dismiss Plaintiff's eighth cause of action for fraudulent concealment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-1968 PSG (PLAx) | Date | December 30, 2020 |
|---|---|---|---|
| Title | Lonnie L. Kocontes v. Orange County Sheriff's Department, et al. | | |

GTL argues that the Court should dismiss Plaintiff's eighth cause of action against it because Plaintiff "makes the conclusory legal assertion that GTL had a 'duty not to record and distribute' his calls with counsel. But [Plaintiff] alleges no facts or legal basis to support this conclusion." *GTL Mot.* 36:21–23. Plaintiff conceded this argument by failing to oppose it. *See Tapia*, 2015 WL 4650066 at *2; *Silva*, 2011 WL 7096576 at *3. Accordingly, the Court **GRANTS** GTL's motion to dismiss Plaintiff's eighth cause of action for fraudulent concealment.

I.  Leave to Amend

Whether to grant leave to amend rests in the sound discretion of the trial court. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Courts consider whether leave to amend would cause undue delay or prejudice to the opposing party, and whether granting leave to amend would be futile. *See Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Generally, dismissal without leave to amend is improper "unless it is clear that the complaint could not be saved by any amendment." *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

Because Plaintiff's first and second causes of action are barred under *Heck*, the Court **DENIES** leave to amend. *See id.* Moreover, because Plaintiff has already amended his complaint twice, and because Plaintiff has failed to even attempt to address Defendants' arguments against each of his other six causes of action, the Court **DENIES** leave to amend the rest of Plaintiff's causes of action as futile. *See Sisseton-Wahpeton Sioux Tribe*, 90 F.3d at 355.

J.  Motion to Strike Portions of the SAC

GTL and OC request that the Court strike portions of Plaintiff's first and sixth causes of action. *See GTL Mot.* 3:18–19; Dkt. # 34 at 5 (adopting GTL's arguments in favor of striking portions of the SAC). However, because the Court dismisses Plaintiff's SAC without leave to amend, Defendants' request is **MOOT**.

IV.  Conclusion

For the foregoing reasons, the Court **GRANTS** OC's and GTL's motions to dismiss without leave to amend, which **RENDERS MOOT** OC's and GTL's motions to strike. This order closes the case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-1968 PSG (PLAx) | Date | December 30, 2020 |
|---|---|---|---|
| Title | Lonnie L. Kocontes v. Orange County Sheriff's Department, et al. | | |

**IT IS SO ORDERED.**